Cite as 2015 Ark. App. 545

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–15–210

| | |
|---|---|
| ASHLEY OLINGHOUSE<br>APPELLANT | Opinion Delivered October 7, 2015 |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION [NO. 60DR–09–1158] |
| PHILLIP OLINGHOUSE<br>APPELLEE | HONORABLE MACKIE M. PIERCE, JUDGE |
| | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Ashley Olinghouse appeals the order of the Pulaski County Circuit Court awarding Phillip Olinghouse attorney's fees and costs in the amount of $5,272.50. On appeal, Ashley argues that the circuit court erred in awarding Phillip an excessive amount of attorney's fees. We affirm.

Ashley and Phillip divorced in November 2009 in Pulaski County. The divorce decree provided that Ashley and Phillip would share joint custody of their only child and that Ashley would act as the custodial parent. The decree also permitted Ashley to relocate to Texas while Phillip remained in Pulaski County.

On May 19, 2011, Ashley filed a petition to modify the divorce decree in Collin County, Texas. She asked the court to increase Phillip's child-support payments and to modify his visitation schedule. Phillip's counsel made a special appearance in the Texas court

to request that the court decline jurisdiction. He also filed a motion to retain jurisdiction in the Pulaski County Circuit Court on July 5, 2011. On August 1, 2011, the circuit court held a hearing on Phillip's motion, and on August 31, 2011, the court granted the motion and retained jurisdiction of the case.

On June 13, 2014, Ashley filed a second petition to modify the divorce decree in Collin County, Texas. Phillip's counsel again made a special appearance in the Texas court to ask the court to decline jurisdiction. He also filed a second motion to retain jurisdiction in the Pulaski County Circuit Court on July 15, 2014. The circuit court held a hearing on Phillip's motion on October 24, 2014.

At the hearing, the court informed the parties that it had been in contact with the judge from the Texas court. The parties then made their arguments. Ashley asked the court to decline jurisdiction because the child spent more time in Texas. Ashley asserted that having witnesses compelled to come to Arkansas to testify about the best interest of the child was burdensome. Phillip requested the court to retain jurisdiction. He pointed out that Ashley had filed a petition in the Texas court in 2011, and the Pulaski County Circuit Court found that it had continuing jurisdiction over the case at that time. He asserted that nothing had changed since the 2011 petition and asked the court to award him attorney's fees for having to initiate the proceedings a second time. No witnesses testified.

At the conclusion of the hearing, the court found that it had exclusive and continuing jurisdiction over the divorce case. The court stated that "[i]t's just a clear cut case, and you know, basically, we're just re-plowing the same ground that we plowed back in 2011." The

court granted Phillip's request for attorney's fees and asked Phillip to submit a petition itemizing his attorney's services. Ashley objected to the award. She argued that Phillip's motion in Pulaski County was unnecessary because the Texas court could not exercise jurisdiction without contacting the Arkansas court. The court found no merit in her argument and concluded that an award of attorney's fees was appropriate.

On November 6, 2014, Phillip filed a petition for payment of attorney's fees totaling $7,840.50. Specifically, he requested $5,272.50 in fees associated with the motion to retain jurisdiction in the Pulaski County Circuit Court. His petition reflected that Phillip's counsel spent 18.9 hours drafting the motion to retain jurisdiction, preparing for and attending the hearing, and drafting the petition for attorney's fees. The petition also indicates that Phillip's counsel charges an hourly rate of $275 and that the expenses associated with the motion totaled $75. Phillip additionally sought $2,568 for work associated with his attorney's special appearance in Texas.[1]

On November 7, 2014, the Pulaski County Circuit Court entered an order granting Phillip's motion to retain jurisdiction, and on December 19, 2014, the court awarded Phillip $5,272.50 in attorney's fees. Ashley then filed this timely appeal. She argues that the circuit court erred in awarding Phillip an excessive amount of attorney's fees.

The award of attorney's fees in a domestic-relations case is a matter within the circuit court's discretion, and there is no fixed formula for determining what constitutes a reasonable amount. *Yancy v. Yancy*, 2014 Ark. App. 256. Because the circuit court has presided over the

---

[1] In his petition, Phillip's counsel noted that, under Texas law, he was unable to request an award for fees and costs without waiving his objection to the Texas court's jurisdiction.

case and gained familiarity with the case and the extent and quality of the services rendered by the attorney, the circuit court has a superior opportunity to assess the critical factors, and an award of attorney's fees will therefore not be set aside absent an abuse of discretion. *Id.*

Here, Ashley argues that the circuit court abused its discretion in awarding Phillip $5,272.50 in attorney's fees because the amount billed is excessive. Ashley asserts that Phillip's counsel is an experienced attorney and should not have expended so many hours on a simple issue. We do not agree. Given the fact that Phillip had to file a second motion to retain jurisdiction in 2014 when nothing had changed since the 2011 proceedings, we cannot say that the court erred in granting Phillip $5,272.50 in attorney's fees.

Affirmed.

HARRISON and BROWN, JJ., agree.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, LTD.*, by: *Traci LaCerra*, for appellant.

*Dover Dixon Horne PLLC*, by: *Gary B. Rogers*, for appellee.